# BARTHOLOMEW WHALEN

*v.*

# ROBERT N. BISHOP AND ASA RUBY.

1. ADVERSE EQUITIES.—*purchasing in outstanding title.* The holder of an equitable title to lands, has the right to protect his title by buying in an outstanding legal title, to enable him thereby to defeat adverse equities.

2. SAME—*purchasers at sheriffs' sales—within the rule.* When an attempt is made to convey lands, subject to the lien of a judgment, by the judgment debtor, and also by the sheriff under a *fieri facias,* but by a misdescription, both are ineffectual to convey the legal title, and the purchaser at the sheriff's sale perfects his title by buying in the outstanding legal title, equity will not deprive him of his advantage, in aid of one claiming title under the judgment debtor subsequent to the judgment.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was a proceeding in equity, by Whalen, against Bishop and Ruby, to compel reformation of a deed, by which Whalen had sought to derive title, and to restrain Bishop from prosecuting a suit in ejectment. Bishop and Whalen both had attempted to derive title from one Buntain; the former by purchase at a sheriff's sale, and the latter by deed direct from Buntain subsequent to the date of the judgment. Owing to a misdescription in a deed from Ruby to Buntain, and also in the deed to Whalen, and in the sheriff's deed to Bishop, neither party had acquired the legal title until Bishop bought it, and took a deed from Ruby.

Mr. JOHN W. BLACKBURN, for the appellant.

Mr. JAMES A. EADS and Mr. R. N. BISHOP, for the appellees.

MR. JUSTICE BREESE delivered the opinion of the Court:

It is appellant's misfortune, if he bought this land in good faith, paid for it, went into possession and made valuable

improvements, that there was, at the time of his purchase, an older and a better title to the land in another person.

It is not shown, nor can it be admitted, that appellant's equity is superior in any respect to that of appellee Bishop. Their equities were equal when Bishop acquired the legal title by purchase from Ruby.

Appellant claims under Buntain's deed to McKeen, prior in date to Green's judgment against Buntain. The purchaser under this judgment, at the sale by the sheriff, acquired, therefore, a right superior to any conveyed by the deed to McKeen, and this, whether Buntain's title was a legal or a mere equitable title; if either, it was, by our statute, subject to the lien of the judgment. Green, through whom Bishop derives his equity, acquired his rights before McKeen acquired any claim of any kind. It is an acknowledged principle everywhere, that the holder of an equity may protect his equity by acquiring the legal title, and thus cut off other rival equities. This, the appellee Bishop, has done, and he is now on vantage ground, and can not be compelled to surrender it to appellant.

We see no error in the decree dismissing the bill, and therefore affirm the same.

*Decree affirmed.*